STOULIG, Judge.
This is an appeal from a judgment in favor of the plaintiff for $2,500, together with interest and 10-percent attorney’s fees, the main award being the amount due under five promissory notes executed by the defendant in favor of plaintiff.
The facts, which are relatively uncomplicated, are as follows: J. H. Matherne operated a retail trophy outlet under the name of A-l Trophy House. As a result of the high waters accompanying Hurricane Betsy in September of 1965 he sustained considerable water damage to the contents and fixtures of his business. With a view of purchasing some used showcases to replace his damaged ones he visited Ralph’s Jewelry Manufacturing Company, owned by plaintiff, Mrs. Rita Miquet. Although Matherne found Mrs. Miquet’s showcases to be unacceptable, he became very interested in a metal replating machine which he saw and whose features and operation were explained to him by Earl Robinson, an employee of Mrs. Miquet. It was then that defendant conceived the idea of replating as a salvage technique for his damaged merchandise. He stated to Robinson that if he ever wanted to leave Mrs. Miquet to operate the machinery for him, he would be interested in buying the equipment. Robinson called, the next day, according to Matherne, to tell him that he would agree to work for him for an “indefinite” period of time and informed him that the price of the equipment was $4,200. Accordingly, a sale was arranged through Robinson for Matherne to purchase the equipment from Mrs. Miquet. At no time did Mrs. Miquet discuss any of the terms with Matherne, and no written contract of sale was entered into. Defendant nevertheless issued a $1,200 check to Ralph’s Jewelry Manufacturing Company as a cash “down payment” and signed six $500 promissory notes payable to Mrs. Miquet in consecutive monthly payments commencing December 9, 1965, approximately one month after the date of the sale. Defendant took delivery of the machine and paid the first note when it became due. However, when Robinson quit working for him after one month defendant refused to pay the remaining notes, whereupon plaintiff brought this suit.
In his defense Matherne argues that Robinson agreed to work as long as it took to set up the equipment and teach its use and that with the premature termination of Robinson’s employment the equipment became useless to him therefore resulting in a failure of consideration.
There is no merit in this argument. Implicit in defendant’s position is ownership by Robinson of the machinery which was the subject of the sale. From the testimony and facts of the case it is obvious that Mrs. Miquet owned the equipment and equally obvious that a valid sale was confected by her to Matherne. She made no assurances that Robinson would work for him and, in fact, never even discussed this or any other aspect with Matherne. Defendant attempted to relate Robinson’s employment with the sale through a written statement prepared approximately twenty-two months after sale in which Robinson reaffirmed that his employment was part of the consideration for the transaction. This belated effort to link the employment to the sale is ineffective. The owner of the equipment, Mrs. Miquet, was not a party to the written statement; nor is there any evidence that she knew of its existence or acquiesced in its correctness. Therefore, it cannot alter her rights under the contract. While it is clear that defendant relied upon Robinson’s assurances in making his decision to purchase the plating machine, this was an entirely separate understanding between them and cannot be used as a basis for pleading failure of consideration against Mrs. Mi-quet.
Defendant submits, in the alternative, that Robinson was acting as agent for the plaintiff and, therefore, she is bound by all of the terms and conditions made at the time of the confection of the sale, including his personal employment. No evidence has been presented to indicate that it *395 was ever in the contemplation of the seller to provide instruction in the use of the equipment or that Robinson was authorized to make such a commitment. Nor is there any basis for assuming that the defendant was justified in believing that Robinson had such authority, particularly in light of his separate contract with defendant relative to the payment of his wages for the projected work.
For the foregoing reasons the judgment of the lower court is affirmed, the costs of this appeal to be borne by defendant.
Affirmed.